19 F.3d 7
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Hermon Raymond STARKWEATHER, Defendant, Appellant.
 No. 93-1999.
 United States Court of Appeals,
First Circuit.
 February 17, 1994
 
 Appeal from the United States District Court for the District of Maine
 Perry O'Brian, on brief for appellant.
 Jay P. McCloskey, United States Attorney, Elizabeth C. Woodcock, Assistant United States Attorney, and Margaret D. McGaughey, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Breyer, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Hermon Starkweather was convicted after a one day jury trial of nine counts of fraudulently converting United States treasury funds for his own use in violation of 18 U.S.C. Sec. 641. He now argues that there was insufficient evidence to support a conviction.
 
 
 2
 Since the record indicates that appellant failed to renew his motion for acquittal at the close of the case, his conviction can only be disturbed "to prevent 'clear and gross injustice.' " United States v. Rodriguez-Estrada, 877 F.2d 153, 156-57 (1st Cir. 1989) (quoting United States v. Jiminez Perez, 869 F.2d 9, 11 (1st Cir. 1989)). Appellant has failed to show that justice miscarried in this case.
 
 
 3
 The sole basis for appellant's contention that the evidence was insufficient to establish that he acted with the criminal intent required for a conviction under 18 U.S.C. Sec. 1641 is that appellant testified at trial that he lacked such intent. However, the government presented more than sufficient evidence from which a rational juror could have concluded beyond a reasonable doubt that criminal intent was present. Since the jury was entitled to assess credibility and to accept or reject any or all of appellant's testimony, United States v. Dockray, 943 F.2d 152, 157 (1st Cir. 1991), there was no error in the fact that the jury credited the government's version of events rather than appellant's.
 
 
 4
 Affirmed.